```
                  IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                              AT BLUEFIELD
```

MICHAEL H. GRAHAM,

    Plaintiff,

v.                                CIVIL ACTION NOS. 1:03-0041, 0042
                                  (CRIMINAL NOS. 1:99-00222-02 AND
                                  1:00-00226-01)

UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION**

       By Standing Order, these actions were referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on April 21, 2003, in which he recommended that the District Court dismiss plaintiff's § 2255 petition.

       In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a _de novo_ review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

       The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the thirteen-day

period, although plaintiff did file a response and a supplemental response.

These civil actions deal with plaintiff's belief that the Bureau of Prisons will not give him credit for all time served in Criminal Action No. 1:99-00222-02 against his sentence in 1:00-00226-01, as was ordered at his sentencing hearing. The court has amended defendant's sentencing documents in Criminal Action No. 1:00-00226-01 to add the following direction: **"Defendant is to be given credit for all time served in 1:99-00222-02."** This amendment should resolve any ambiguity as to the court's sentence and make it absolutely clear that plaintiff is to receive credit for all time served on his first sentence against his second sentence.

This change to the sentencing documents having been made, it appears that there is no reason for the instant civil actions to proceed. Accordingly, the court hereby **DISMISSES** as moot plaintiff's motion to vacate, set aside or correct his sentence under § 2255 and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a certified copy of this Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 21st day of March, 2006.

ENTER:

David A. Faber
Chief Judge